UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 15-01049 AG (RAO) | Date: | May 6, 2016 |
| Title: | Jeremy Valentin v. M. Frink, Warden | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER RE EXHAUSTION OF CLAIMS PRESENTED**

  On May 5, 2016, Petitioner Jeremy Valentin ("Petitioner"), a California state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). In the Petition, Petitioner raises four claims: (1) insufficiency of the evidence; (2) exclusion of expert testimony; (3) perjury committed by the victim; and (4) not presenting other suspects into the case. (*See* Pet. at 5-6, Dkt. No. 28.)

  It is not clear, however, whether the California Supreme Court has had an opportunity to consider any of Petitioner's claims. Petitioner alleges that he raised grounds one and two before the California Court of Appeal on direct review, but that he did not file a Petition for Review in the California Supreme Court after the Court of Appeal affirmed his conviction. (*See id*. at 2-3.) Petitioner later states that he is "Doing So Now." (*Id*. at 3.) Petitioner provides no information regarding any state habeas petitions, but states as to each ground for relief that he has raised the claim in the California Supreme Court in a habeas petition. (*See id.* at 3-6.)

  A petitioner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2245(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. A petitioner must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 15-01049 AG (RAO) | Date: | May 6, 2016 |
| Title: | Jeremy Valentin v. M. Frink, Warden | | |

If Petitioner's grounds are unexhausted, then the Petition is subject to dismissal as mixed. Before the Court decides this matter, Petitioner shall have an opportunity to address the issue of exhaustion by electing one of the five available options:

**Option 1**: If Petitioner believes that he has, in fact, exhausted his state court remedies on the grounds in his Petition, he should clearly explain this in a response to this Order. Petitioner should attach to his response copies of any documents establishing proper exhaustion.

**Option 2:** Petitioner may request a voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims, if any claims are exhausted. Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pleaded, but unexhausted claims. *Rhines*, 544 U.S. at 277-78. To obtain a stay pursuant to *Rhines*, Petitioner is required to make a showing of good cause for his failure to have exhausted all of his claims in state court and that the unexhausted claims are not "plainly meritless." *See id.*

**Option 5:** Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claim, but the Court would be empowered to stay his remaining fully exhausted claim while he returned to the state courts to exhaust his dismissed claims. *See Kelly*, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  CV 15-01049 AG (RAO)                              Date:  May 6, 2016
Title:       Jeremy Valentin v. M. Frink, Warden

   The Court ORDERS Petitioner to file a response, within 21 days of the date of this Order, specifically stating the option he wishes to pursue.

   If Petitioner selects Option Two or Option Three, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice.

   If Petitioner selects Option Four and/or Option Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to *Rhines* and/or *Kelly*. The Court notes that if Petitioner wishes to obtain a stay pursuant to *Rhines*, he must set forth good cause for his failure to have exhausted his claims and that the claims are not plainly meritless.

   **IT IS SO ORDERED.**

   Attachment

                                                                          :
                                             Initials of Preparer       gr